UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENT CRAIG,

          Plaintiff,

      v.

CRAIG KOENIG,

          Defendant.

Case No. 19-cv-05661-EMC

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Docket No. 1

## I.    INTRODUCTION

Kent Craig, an inmate at the Correctional Training Facility in Soledad, filed this *pro se* civil action. His petition is now before the Court for review under 28 U.S.C. § 1915A.

## II.    BACKGROUND

Mr. Craig commenced this action by filing a petition for writ of mandate that cites, among other things, the Americans With Disabilities Act, the Rehabilitation Act, and 42 U.S.C. § 1983 as authority for the action. The petition consists primarily of legal argument with only a few facts.

Mr. Craig alleges that he was provided a lower bunk chrono on January 23, 2018, and then was ordered by unnamed staff to relocate to another cell on April 26, 2019, where a lower bunk was not available. Mr. Craig also alleges he has had back problems for many years. His inmate appeals allegedly were unsuccessful. He conclusorily alleges that his rights under the ADA as well as the Due Process Clause and Equal Protection Clause of the U.S. Constitution were violated. He also alleges that someone was deliberately indifferent to his medical needs. The petition lists the warden, the CDCR and "et al." as respondents. Docket No. 1 at 1.

## III.    DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner

United States District Court
Northern District of California

1    seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

2    U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any

3    claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

4    seek monetary relief from a defendant who is immune from such relief. *See id.* at

5    § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police*

6    *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

7          Although a complaint "does not need detailed factual allegations, . . . a plaintiff's

8    obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

9    conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual

10   allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*

11   *Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer

12   "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.[1]

13   A.    Petition For Writ Of Mandate Is The Wrong Form Of Action

14         The threshold problem here is that a petition for writ of mandate is the wrong form of

15   action for Mr. Craig's issues. The federal mandamus statute provides: "The district courts shall

16   have original jurisdiction of any action in the nature of mandamus to compel an officer or

17   employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28

18   U.S.C. § 1361. The federal mandamus statute only reaches *federal* officers and employees. A

19   petition for a writ of federal mandamus to compel a *state* official to take or refrain from some

20   action is frivolous as a matter of law. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62

21   (9th Cir. 1991); *cf. Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) ("The federal

22   courts are without power to issue writs of mandamus to direct state courts or their judicial officers

23   in the performance of their duties.") The terms "mandate" and "mandamus" are often used

24   interchangeably. *Cf.* Cal. Code Civ. Proc. § 1084 ("The writ of mandamus may be denominated a

25

---

26   [1] This requirement that the pleader allege enough facts to state a claim to relief that is plausible on
     its face stems from the rule that a complaint must allege "a short and plain statement of the claim
27   showing that the pleader is entitled to relief," as required by Federal Rule of Civil Procedure
     8(a)(2) "Specific facts are not necessary; the statement need only . . . give the defendant fair
28   notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S.
     89, 93 (2007) (citations and internal quotation marks omitted

1  writ of mandate").

2          This Court lacks authority to issue a writ of mandate or mandamus to compel the

3  California Department of Corrections and Rehabilitation (CDCR) or any of its employees to take

4  particular actions because they are state rather than federal actors.  Thus, the petition for writ of

5  mandate is DENIED.  Although Mr. Craig cannot go forward with a petition for writ of

6  mandamus, his claims are of the sort that might be presented in a civil rights action against

7  appropriate defendants.  The Court will allow Mr. Craig to file an amended complaint to attempt

8  to state his claims in a proper pleading and with proper allegations.

9  B.      Claims For Relief Under The ADA and RA

10         Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, and § 504 of the Rehabilitation Act, as

11  amended and codified in 29 U.S.C. § 701 *et seq.* ("RA"), prohibit discrimination on the basis of a

12  disability in the programs, services or activities of a public entity.  Federal regulations require a

13  public entity to "make reasonable modifications in policies, practices, or procedures when the

14  modifications are necessary to avoid discrimination on the basis of disability, unless the public

15  entity can demonstrate that making the modifications would fundamentally alter the nature of the

16  service, program, or activity."  28 C.F.R. § 35.130(b)(7).

17         The elements of a cause of action under Title II of the ADA are: (1) the plaintiff is an

18  individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the

19  benefit of some public entity's services, programs, or activities; (3) the plaintiff was either

20  excluded from participation in or denied the benefits of the public entity's services, programs or

21  activities, or was otherwise discriminated against by the public entity; and (4) such exclusion,

22  denial of benefits, or discrimination was by reason of the plaintiff's disability.  *Thompson v. Davis*,

23  295 F.3d 890, 895 (9th Cir. 2002).  A cause of action under § 504 of the RA essentially parallels

24  an ADA cause of action.  *See Olmstead v. Zimring*, 527 U.S. 581, 590 (1999); *Duvall v. County of*

25  *Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001).

26         Monetary damages are not available under Title II of the ADA absent a showing of

27  discriminatory intent.  *See Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998).  To

28  show discriminatory intent, a plaintiff must establish deliberate indifference by the public entity.

3

1    *Duvall*, 260 F.3d at 1138.  Deliberate indifference requires: (1) knowledge that a harm to a

2    federally protected right is substantially likely, and (2) a failure to act upon that likelihood.  *Id*. at

3    1139.  The first prong is satisfied when the plaintiff identifies a specific, reasonable and necessary

4    accommodation that the entity has failed to provide, and the plaintiff notifies the public entity of

5    the need for accommodation or the need is obvious or required by statute or regulation.  *Id.*  The

6    second prong is satisfied by showing that the entity deliberately failed to fulfill its duty to act in

7    response to a request for accommodation.  *Id.* at 1139-40.  Punitive damages may not be awarded

8    in suits brought under Title II of the ADA.  *Barnes v. Gorman*, 536 U.S.181, 189 (2002).

9            Mr. Craig may attempt to allege a claim for a violation of his rights under the ADA and

10   RA in his amended complaint.  He is reminded to include allegations of fact showing what his

11   disability was, and the accommodation that was needed but not provided to him.  The Court will

12   not read through exhibits to piece together a claim for a plaintiff.  Mr. Craig should attempt to be

13   clearer as to whether his problem is that the CDCR refuses to recognize him as having a disability

14   covered by the ADA or that the CDCR agrees he has a covered disability but refuses to provide

15   reasonable accommodations for him.  The CDCR, as the public entity operating the CTF-Soledad

16   prison, would be a proper defendant for an ADA/RA claim.  Individual workers at the prison are

17   not proper defendants for the ADA/RA claim.

18   C.    Claims For Relief Under 42 U.S.C. § 1983.

19           To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a

20   right secured by the Constitution or laws of the United States was violated, and (2) that the

21   violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

22   U.S. 42, 48 (1988).

23           Mr. Craig's petition mentions the Due Process Clause, the Equal Protection Clause, and

24   deliberate indifference to medical needs, but does not allege any facts to go with these potential

25   claims.  If he wishes to pursue such claims in his amended complaint, he must address several

26   deficiencies.

27           First, Mr. Craig's pleading contains far more legal argument than facts; it does not allege

28   facts sufficient to plausibly show the violation of a right secured by the Constitution or laws of the

4

1    United States by any defendant. Leave to amend is granted so that Mr. Craig may file an amended

2    complaint that proffers enough facts to state a claim for relief that is plausible on its face. Mr.

3    Craig is cautioned that he must provide a full statement of his claims in his amended complaint.

4    The Court will not read through exhibits to piece together a claim for a plaintiff.

5          Second, the complaint does not link any defendant to any constitutional violation. The

6    only individual named as a defendant is warden Koenig, but there are no allegations as to what

7    warden Koenig did or failed to do that caused a violation of Mr. Craig's constitutional rights. In

8    his amended complaint, Mr. Craig must allege facts showing his entitlement to relief from each

9    and every defendant who he proposes to hold liable on the claim. Mr. Craig may name as

10   defendants those individuals whose acts or omissions caused the violation of his rights under the

11   Constitution or laws of the United States. He must be careful to allege facts showing the basis for

12   liability for each individual defendant. He should not refer to them as a group (e.g., "the

13   defendants"); rather, he should identify each involved defendant by name and link each of them to

14   his claim by explaining what each defendant did or failed to do that caused a violation of his

15   constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be

16   imposed on individual defendant under § 1983 only if plaintiff can show that defendant

17   proximately caused deprivation of federally protected right). If he wants to sue a supervisor, he

18   must allege facts showing (1) personal involvement in the constitutional deprivation or (2) a

19   sufficient causal connection between the supervisor's wrongful conduct and the constitutional

20   violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011). Mr. Craig also named the

21   CDCR as a defendant. Mr. Craig cannot hold the legal entity liable on a § 1983 claim simply

22   because it employs the individual wrongdoers who violated his rights.[2] There is no respondeat

23   superior liability under § 1983, i.e. no liability under the theory that one is responsible for the

24   actions or omissions of another, such as an employee. *See Board of Cty. Comm'rs. of Bryan Cty.*

25   *v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th

26   Cir. 2012).

27

28   [2] As explained earlier in this order, however, the CDCR would be a proper defendant for claims
     asserted under the ADA and RA.

5

1   Third, the Court provides basic legal information about the Eighth Amendment, Due

2   Process Clause, and Equal Protection Clause – the three constitutional provisions Mr. Craig

3   alluded to in his petition.  Deliberate indifference to an inmate's serious medical needs violates the

4   Eighth Amendment's proscription against cruel and unusual punishment.  *See Estelle v. Gamble*,

5   429 U.S.  97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  To establish an

6   Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must show: (1) a

7   serious medical need, and (2) deliberate indifference thereto by a defendant.  A prison official is

8   deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and

9   disregards that risk by failing to take reasonable steps to abate it.  *Farmer v. Brennan*, 511 U.S.

10  825, 837 (1994).  The prison official must not only "be aware of facts from which the inference

11  could be drawn that a substantial risk of serious harm exists," but he "must also draw the

12  inference."  *Id.*  If he wishes to assert an Eighth Amendment deliberate indifference claim, Mr.

13  Craig must allege facts showing both a serious medical need and deliberate indifference thereto by

14  specific defendants.

15  The nature of a due process claim in which Mr. Craig might be interested is not clear, but it

16  may be that he thinks the denial of his inmate appeals violated due process.  There is no

17  constitutional right to a prison or jail administrative appeal or grievance system in California, and

18  therefore no due process liability for failing to process or decide an inmate appeal properly.  *See*

19  *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th

20  Cir. 1988).  A prison official who denies an inmate appeal about an *ongoing* constitutional

21  violation might have liability for the constitutional violation itself if that official is in a position to

22  prevent or stop a constitutional violation and fails to do so, but a prison official who denies an

23  inmate appeal about a constitutional violation that already has occurred and is complete (e.g., an

24  exclusion of the inmate from a religious ceremony on a past date or failing to treat an inmate for

25  influenza that has ended) does not have liability for that violation because he is not in a position to

26  avert the constitutional violation.  *See generally Jett v. Penner*, 439 F.3d 1091, 1098 (9th Cir.

27  2006) (supervisor may be liable for deliberate indifference to a serious medical need, for instance,

28  if he or she fails to respond to a prisoner's request for help).

6

1    A claim that a person has been treated differently from similarly situated people implicates

2    his right to equal protection of the laws. "To state a § 1983 claim for violation of the Equal

3    Protection Clause a plaintiff must show that the defendants acted with an intent or purpose to

4    discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City*

5    *of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (citation and internal quotation marks omitted).

6    ### IV.    CONCLUSION

7    For the foregoing reasons, the complaint is dismissed for failure to state a claim upon

8    which relief may be granted. Leave to amend is granted so that Plaintiff may attempt to allege one

9    or more claims in an amended complaint. The amended complaint must be filed no later than

10   **February 17, 2020**, and must include the caption and civil case number used in this order and the

11   words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended

12   complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d

13   896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to

14   amend, we will not require that they be repled in a subsequent amended complaint to preserve

15   them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be

16   waived if not repled.") Failure to file the amended complaint by the deadline will result in the

17   dismissal of the action.

18

19   **IT IS SO ORDERED**.

20

21   Dated: January 17, 2020

22

23

24   EDWARD M. CHEN
     United States District Judge

25

26

27

28

7