UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT CRAIG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR,<br><br>　　　　Defendant. | Case No. 19-cv-05661-EMC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Docket No. 29 |

## I.　INTRODUCTION

In this *pro se* prisoner's civil rights action, Kent Craig complains about his relocation from a lower to an upper bunk at the Correctional Training Facility ("CTF"). *See generally*, Docket No. 9 ("First Amended Complaint" or FAC). Defendants have filed a motion for summary judgment, which Mr. Craig has opposed. *See* Docket Nos. 29, 32.

For the reasons discussed below, the Court **DENIES** Defendants' motion for summary judgment without prejudice to renewal accompanied by additional evidence and/or explanation.

## II.　BACKGROUND

The following facts are undisputed unless otherwise noted.

Since 2007, the Department of Veteran Affairs has provided Mr. Craig with disability compensation, for "intervertebral disc syndrome." Freeman Decl., Ex. C.

On January 19, 2018, Mr. Craig submitted a request for a lower bunk accommodation, complaining of lower back pain. *See* Docket No. 29-2 ("Freeman Declaration"), Ex. B. CTF's Reasonable Accommodations Panel ("RAP") reviewed Mr. Craig's request. *See id.*, Ex. C. The RAP noted that Mr. Craig had never before complained of hip or back pain, and scheduled a

medical appointment for him. *See id*. The RAP granted Mr. Craig a lower bunk accommodation "[i]n the interim," which was to be "temporar[y] . . . pending medical evaluation." *Id*.

Mr. Craig was seen by a nurse on January 30, 2018, and by a physician on March 1, 2018. *See id*., Exs. D-E. The physician offered Mr. Craig medication, which he declined. *See id*., Ex. E. The physician prescribed acetaminophen. *See id*. The physician did not assign Mr. Craig to a lower bunk. *See id*.

Defendants contend that Mr. Craig's lower bunk accommodation expired on March 1, 2018, when he was seen by the physician and not assessed any housing restrictions. *See* MSJ at 6. Nevertheless, CTF had sufficient lower bunks available that Mr. Craig was permitted to remain in a lower bunk for another year. *See id*.

On April 26, 2019, Mr. Craig was required to give up his lower bunk. *See* FAC at 2.

### III.   VENUE AND JURISDICTION

Venue is proper in the Northern District of California because the events or omissions giving rise to the complaint occurred at a prison in Monterey County, which is located within the Northern District. *See* 28 U.S.C. §§ 84, 1391(b). The Court has federal question jurisdiction over this action brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331.

### IV.   LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

In a typical summary judgment motion, a defendant moves for judgment against a plaintiff

2

on the merits of his claim. In such a situation, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine dispute of material fact. The burden then shifts to the nonmoving party to "go beyond the pleadings, and by his own affidavits, or by the 'depositions, answers to interrogatories, or admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

A verified complaint may be used as an opposing affidavit under Rule 56, as long as it is based on personal knowledge and sets forth specific facts admissible in evidence. *See Schroeder v. McDonald*, 55 F.3d 454, 460 & nn.10-11 (9th Cir. 1995) (treating plaintiff's verified complaint as opposing affidavit where, even though verification not in conformity with 28 U.S.C. § 1746, plaintiff stated under penalty of perjury that contents were true and correct, and allegations were not based purely on his belief but on his personal knowledge). Mr. Craig's complaint is made under penalty of perjury, *see* FAC at 6, and therefore is considered as evidence.

The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and inferences to be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *See id.* at 631.

## V.  DISCUSSION

The Court screened Mr. Craig's First Amended Complaint and concluded that he had stated cognizable claims that Defendants violated Mr. Craig's rights under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA") when they relocated him from a lower to an upper bunk. *See generally*, Docket No. 10. The Court found none of Mr. Craig's other claims to be cognizable. *See id*.

Defendants argue that Mr. Craig's claims fail because "the undisputed facts show that Plaintiff is not a qualified individual with a disability, nor is he handicapped within the meaning of the RA." MSJ at 6. They also argue that he has "raise[d]" only "conclusory allegations concerning his alleged disability and need for a lower-bunk accommodation." *Id*. at 7. However, the evidence shows that the Department of Veterans Affairs ("VA") has deemed Mr. Craig to be

3

sufficiently disabled to receive compensation since at least 2007. *See* Freeman Decl., Ex. C. Moreover, Defendants were aware of the VA's conclusion, because the VA's letter describing Mr. Craig's disability is included in the documents reviewed by the RAP. *See id.* Defendants do not explain how Mr. Craig may be sufficiently disabled to be entitled to disability compensation from the VA, without being disabled within the meaning of the ADA or handicapped within the meaning of the RA. *See generally*, MSJ. For example, may a condition qualify for compensation under the VA's standards, without coming under the ADA or RA? Does the VA employ a different test, with a lower standard than that employed by the ADA and RA? Or is Mr. Craig not entitled to a disability accommodation, regardless of whether he is disabled within the meaning or the ADA or handicapped within the meaning of the RA, until a physician employed by CDCR has determined he is entitled to an accommodation?

Defendants also make much of the fact that Mr. Craig was not given a permanent accommodation by the RAP, and that his temporary accommodation had expired by the time he was relocated from a lower to an upper bunk. However, if Mr. Craig is indeed protected by the ADA and/or RA, Defendants do not explain why the temporary nature of his accommodation matters. *See* MSJ at 6-7. For example, if Mr. Craig is in fact disabled within the meaning of the ADA and/or RA, why was it not error for the RAP not to grant him a permanent accommodation? If the RAP erred, are Defendants allowed to rely on this error without inquiry? If so, why are Defendants not liable for the RAP's error?[1]

Although Defendants have not carried their summary judgment burden, this appears to be due to the sparse nature of the summary judgment motion, which contains only two pages of argument. *See* MSJ at 6-7. With a more robust motion, it is possible that Defendants would be able to show an absence of disputed facts and/or that they are entitled to judgment as a matter of law. The Court therefore concludes that this case is not ripe for trial, and that it would be premature to refer it to mediation. Instead, Defendants may file a second, and more complete, summary judgment motion, to which Mr. Craig may respond.

---

[1] The Court notes that Mr. Craig sued "CDCR," rather than suing only custodial, or only medical, defendants. *See* FAC at 1.

4

## VI. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is **DENIED.** Docket No. 29.

In order to expedite the resolution of this case, the following briefing schedule is set:

    a.    No later than **September 2, 2022,** Defendants must file and serve their second motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. If Defendants file a second motion for summary judgment, Defendants must provide to Plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b.    Plaintiff's opposition to the second summary judgment or other dispositive motion must be filed with the Court and served upon Defendants no later than **September 30, 2022**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c.    If Defendants wish to file a reply brief, the reply brief must be filed and served no later than **October 14, 2022**.

Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do

> not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If Defendants file a motion for summary judgment for failure to exhaust administrative remedies, they are seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case may be subject to dismissal without prejudice to returning to court after his claim is properly exhausted.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

This order disposes of Docket No. 29.

**IT IS SO ORDERED**.

Dated: August 4, 2022

_____
EDWARD M. CHEN
United States District Judge